IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Action No.3:07CR23

DONNA NAYLOR.

    Defendant.

## REPORT AND RECOMMENDATION

On April 27, 2007, came the United States of America by Erin Reisenweber, Assistant United States Attorney, and the Defendant, Donna Naylor, in person and by her counsel, Betsy Giggenbach, appearing for Kevin Mills for a hearing on pretrial motions.

### I. Background

Defendant Donna Naylor is the sole defendant in a (1) count indictment. She is charged with pouring urine like substances on the workspace, office equipment and office supplies located in the office of a United States Internal Revenue Service employee, and did injure property of the United States in excess of $1,000, in violation of 18 U.S.C. Sect. 1361.

### II. Motions

**A. Defendant's Motion to Suppress [13]**

**Contentions of the Parties**

Defendant contends that the search of her desk was a warrant-less search and warrant-less searches are presumptively illegal. Katz v. U.S., 389 U.S. 347 (1967). The Defendant moves the Court to order the suppression of all items taken from the Defendant's desk at her place of employment referenced in the report of October 27, 2006. The Defendant also requests that any evidence derived from the documents taken from her desk also be suppressed. The

Defendant contends that once it is established a warrant-less search occurred, the burden is on the Government to establish by a preponderance of evidence that their conduct was within one of the recognized exceptions and was reasonable. U.S. v Jeffers, 342 U.S. 48, 51 (1951). The Defendant contends that the above items may have been seized from her in violation of her rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

The Government contends that the seizure of the items from the defendant's desk was reasonable and was within an exception.

The Government states that the test of a legitimate expectation of privacy to the Fourth Amendment is (1) whether the individual has a subjective expectation of privacy in the place that was searched, and (2) whether that expectation is on that society is prepared to recognize as "reasonable." Smith v. Maryland, 442 U.S. 735 (1979). The Supreme Court has found that "[s]ome government offices may be so open to fellow employees or the public that no expectation of privacy is reasonable." *Id.* at 710. The defendant is a Federal employee of the United States Internal Revenue Service. Her workspace at the IRS facility consists of a cubicle.. Her cubicle has no door or other means of security and is without full walls. There are approximately fifty other cubicles situated in one large open area with her cubicle. The openness and lack of security do not suggest that such an area is private. Therefore, there was no expectation of privacy.

The Government further contends that in O'Connor, the Supreme Court held that a government employer's interest in "'the efficient and proper operation of the workplace' may justify warrant less work-related searches." United States v. Simons, 206 F.3rd 392, 400 (citing O'Connor, 480 U.S. at 723.) The United States submits that the seizure of documents in the case

at hand, while conducted for the investigation of a criminal case, was thus work-related because of the Internal Revenue Service's interest in the efficient and proper operation of the workplace. Thus, the case falls within the exception created in O'Connor.

The Government called Special Agent Luzier to testify in court regarding the search. He testified that he was looking for hand writing samples. He testified that the office, itself, was in plain view and that the papers in it were in plain view. He further testified that information was also taken from a Rolodex that was in plain view. He did testify that he shuffled through the rolodex and papers all of which were property of the IRS. All information was copied and returned to the desk.

**Decision**

The Court finds that there was no expectation of privacy in the government owned workspace and the search fell into the O'Connor exception for warrant less searches.

It is hereby **RECOMMENDED** that Defendant Donna Naylor's Motion to Suppress Evidence be **DENIED.** The Defendant's objection to the ruling is duly noted.

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: 5-1-07

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE