```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      MARTINSBURG
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          CRIMINAL ACTION NO. 3:07CR23
                                      (STAMP)

DONNA NAYLOR,

    Defendant.


### ORDER ADOPTING REPORT AND RECOMMENDATION

I.  Introduction

    This matter is now before the Court for consideration of the Report and Recommendation of Magistrate Judge David J. Joel (Doc. 28), dated May 1, 2007, and the defendant's corresponding objections (Doc. 30) filed May 18, 2007.  Pursuant to 28 U.S.C. § 636(b), this Court conducted a *de novo* review of the above.  As a result, the Court is of the opinion that the **Magistrate Judge's Report and Recommendation (Doc. 28)** should be, and is hereby, **ORDERED ADOPTED**. Specifically, this Court **FINDS** that denial of **Motion to Suppress (Doc. 13)** is warranted because the search of defendant's work area by Internal Revenue Service (IRS) agents falls within the exception to the warrant requirement enumerated by the United States Supreme Court in O'Conner v. Ortega, 480 U.S. 709 (1987). Moreover, because the ultimate search falls within a recognized exception to the warrant requirement, it is unnecessary to address whether the

defendant had a reasonable expectation of privacy in the area searched.

II. Factual and Procedural Background

The defendant, Donna Naylor, is charged with the destruction of federal property in violation of 18 U.S.C. § 1361. Specfically, the United States contends that the defendant, a former employee of the IRS, poured urine-like substances onto the workspace, office equipment, and office supplies of a co-worker at the IRS office in Martinsburg, West Virginia. In investigating the alleged conduct, IRS agents conducted a warrant-less search of the defendant's work area and seized documents for a handwriting comparison with an anonymous note received by the victim.

On April 17, 2007, the defendant filed a Motion to Suppress (Doc. 13) asserting that the warrant-less searched violated the Fourth Amendment's prohibition against unreasonable searches and seizures.[1] On April 24, 2007, the United States filed a response to the defendant's motion, and the matter was set for hearing before United States Magistrate Judge David J. Joel on April 27, 2007. Following the hearing, Magistrate Judge Joel issued his Report and Recommendation dated May 1, 2007 (Doc. 28), and on May 18, 2007 the

---

[1] While defendant's Motion to Suppress also asserts violations of the Fifth and Sixth Amendments of the United States Constitution, the defendant has failed to articulate or otherwise raise such arguments. After independent review, it is the finding of the Court that the search and subsequent seizure at issue did not occur in violation of the defendant's Fifth and Sixth Amendment Rights under the United States Constitution.

defendant filed her objections thereto (Doc. 31).  As noted in the objections to the Report and Recommendation, the defendant contends that the Magistrate Judge is incorrect in finding that the warrant-less search falls under the O'Connor exception to the warrant requirement because the search was not conducted by a superior but rather by IRS agents that did not work in the office.

III. Legal Standards

The Fourth Amendment of the United States Constitution protects the "right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV.  In interpreting this protection, the United States Supreme Court has found that warrant-less searches are presumptively illegal.  Katz v. United States, 389 U.S. 347 (1967).  As such, in order for a warrant-less search to pass muster under the Fourth Amendment, the search must fall within one of the enumerated exceptions to the warrant requirement.  Id.

In considering the extent to which the protections of the Fourth Amendment apply to government workplaces, the United States Supreme Court found that "[i]ndividuals do not lose Fourth Amendment rights merely because they work for the government instead of a private employer."  O'Connor v. Ortega, 480 U.S. 709, 717 (1987).  However, the Court did recognize a "governmental interest justifying work-related intrusions by public employers . . . [in] the efficient and proper operation of the workplace."  Id. at 723.  As such, the

O'Connor court recognized an exception to the warrant requirement where the search is directed at obtaining evidence of suspected work-related misfeasance. United States v. Simmons, 206 F.3d 392, 400 (4th Cir. 2000) (citing O'Connor, 480 U.S. at 723). Furthermore, Fourth Circuit law is clear that this exception persists even where the alleged work-related misfeasance rises to a criminal level. Simmons, 206 F.3d at 400.

IV. Discussion

In addressing the circumstances of the case at bar, it is clear to the Court that the warrant-less search conducted by the IRS agents falls into the O'Connor exception to the warrant requirement. In regard to the defendant's objection that the search was not conducted by the defendant's supervisor, the Court notes the substantial body of case law upholding work-related searches by non-supervisors in the context of internal investigations. See United States v. Taketa, 923 F.2d 665, 674 (9th Cir. 1991); Shields v. Burge, 874 F.2d 1201 (7th Cir. 1989); Copeland v. Philadelphia Police Dep't, 840 F.2d 1139 (3d Cir. 1988). As such, the Court agrees with the finding of the Magistrate Judge that the search of defendant's work area falls within the O'Connor exception to the warrant requirement.

V. Conclusion

For the foregoing reasons, the defendant's **Motion to Suppress (Doc. 13) is DENIED.**

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the defendant and all counsel of record herein.

**DATED** this 30th day of **May, 2007.**

<pre>
                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE
</pre>